FILED

2014 NOV 25  PM 2: 24

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ TM _____ DEPUTY

1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT**

9    **SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| NILS N. THIBEAUX, an individual, | CASE NO. 13-CV-291-BEN (MDD) |
| Plaintiff, | **ORDER GRANTING IN PART MOTION FOR SUMMARY JUDGMENT** |
| vs. | |
| THE GEO GROUP, INC., a Florida Corporation doing business in California as GEO CALIFORNIA, INC.; and DOES 1 through 10, inclusive, | [Docket No. 32] |
| Defendant. | |

Before this Court is an Amended Motion for Summary Judgment filed by Defendant The GEO Group, Inc. (Docket No. 32). On August 28, 2014, this Court denied the Motion as to causes of action one through four, and ordered the Parties to submit additional briefing on cause of action five. (Docket No. 47). Having considered the supplemental briefs and for the reasons stated below, the Motion is **GRANTED** as to cause of action five.

On September 10, 2014, the Parties filed supplemental briefs addressing whether or not the exclusive remedy provisions of state worker's compensation laws bar an intentional infliction of emotional distress ("IIED") claim when that claim is based upon allegations of discrimination. (Docket Nos. 48, 49).

///

///

13cv291

**DISCUSSION**

Plaintiff alleges that the actions of Defendant in terminating his employment in contravention of public policy and in violation of Government Code § 12940 *et seq.* were "intentional, extreme, outrageous" and "done with the intent to cause emotional distress or with reckless disregard of the probability of causing Plaintiff emotional distress." (Compl. ¶ 88). He asserts that he has been "subjected to severe emotional distress and will continue to suffer severe and permanent humiliation, mental pain and anguish, and will continue to live in a constant state of emotional tension and distress." (*Id.* ¶ 89). He further states that Defendant's conduct in terminating his employment without "good, just or legitimate cause" subjected him to "cruel and unjust hardship in conscious disregard of Plaintiff's rights" as it was anticipated that he could not find comparable employment in the foreseeable future. (*Id.* ¶ 92).

The elements of a cause of action for IIED in California are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. *Hughes v. Pair*, 46 Cal. 4th 1035, 1050-51 (2009) (citations omitted).

Defendant asserts that summary judgment on the fifth cause of action is appropriate because the exclusive remedy available for Plaintiff's IIED claim is worker's compensation. (Def. Supplemental Br. 1). Plaintiff contends that the exclusivity provision does not apply because the claim is based on allegations of discrimination. (Pl. Supplemental Br. 2).

Injuries sustained and arising out of the course of employment are generally subject to the exclusive remedy of worker's compensation.[1] Cal. Lab. Code § 3600;

---

[1] Defendant relies upon the following portions of California Labor Code § 3600:

(a) Liability for the compensation provided by this division, in lieu of any

13cv291

*Mueller v. Cnty. of Los Angeles*, 176 Cal. App. 4th 809, 823 (2d Dist. 2009). Defendant argues that the exclusive remedy applies where the damages result from intentional conduct by the employer that is a normal part of the employment relationship, even if it is egregious, harassment, manifestly unfair, or intended to cause emotional distress. (Mot. at 19 (citing *Mueller*, 176 Cal. App. 4th at 823)). Defendant contends that Plaintiff complains of emotional distress due to the termination of his employment, and that termination is "inherently a normal part of the employment relationship." (*Id.*)

In response, Plaintiff contends that the exclusive remedy provision does not bar a suit for emotional distress damages resulting from sexual harassment, unlawful discrimination, or other misconduct that "exceed[s] the normal risks of the employment relationship." (Opp'n at 24 (citing *Livitsanos v. Super. Ct.*, 2 Cal. 4th 744, 756 (1992))).

In *Cole v. Fair Oaks Fire Protection District*, 43 Cal. 3d 148, 151 (1987), the Supreme Court of California held that when an employee's claim is based on conduct normally occurring in the workplace, it is within the exclusive jurisdiction of the Worker's Compensation Appeals Board. The *Cole* court considered whether an employer's intentional misconduct provided an exception to the exclusive remedy

---

other liability whatsoever to any person except as otherwise specifically provided in Sections 3602, 3706, and 4558, shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensation concur:

(1) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division.

(2) Where, at the time of the injury, the employee is performing service growing out of and incidental to his or her employment and is acting within the course of his or her employment.

(3) Where the injury is proximately caused by the employment, either with or without negligence.

13cv291

provisions. *Id.* at 157. After discussing prior case law, the *Cole* court concluded that:

> when the misconduct attributed to the employer is actions which are a normal part of the employment relationship, such as demotions, promotions, criticism of work practices, and frictions in negotiations as to grievances, an employee suffering emotional distress causing disability may not avoid the exclusive remedy provisions of the Labor Code by characterizing the employer's decisions as manifestly unfair, outrageous, harassment, or intended to cause emotional disturbance resulting in disability.

*Id.* at 160. In so concluding, the court noted that if characterizing conduct normally occurring in the workplace as unfair or outrageous were sufficient to avoid the exclusive remedy, an employee could allege a cause of action in every case with a mental disability merely by alleging an ulterior purpose of causing injury, and that this would be "contrary to the compensation bargain and unfair to the employer." *Id.*

In *Shoemaker v. Myers*, 52 Cal. 3d 1, 7 (1990), the Supreme Court of California concluded that:

> disabling injuries, whether physical or mental, arising from termination of employment are generally within the coverage of workers' compensation and subject to the exclusive remedy provisions, unless the discharge comes within an express or implied statutory exception or the discharge results from risks reasonably deemed not to be within the compensation bargain.

The *Shoemaker* court noted that "[n]onconsensual termination of an employment relationship is indistinguishable from the kinds of actions enumerated in *Cole* and must therefore also be considered a normal and inherent part of employment." *Id.* at 18. However, the court noted that this does not resolve the issue of whether the exclusive remedy provisions bar all causes of action arising from a discharge, stating that "the provisions are intended to effectuate and implement the fundamental 'compensation bargain' said to underlie the workers' compensation scheme." *Id.* at 20. Accordingly, "[w]here the injury is a result of conduct, whether in the form of discharge or otherwise, not seen as reasonably coming within the compensation bargain, a separate civil action may lie." *Id.* The court noted that:

> the exclusive remedy provisions are not applicable under certain circumstances, sometimes variously identified as "conduct where the

1    employer or insurer stepped out of their proper roles," or "conduct of an
2    employer having a 'questionable' relationship to the employment," but
     which may be essentially defined as not stemming from a risk reasonably
3    encompassed within the compensation bargain.

4    *Id.* at 16-17 (internal citations omitted).

5        Plaintiff cites to *Livitsanos v. Superior Court*, 2 Cal. 4th 744 (1992), for the

6    proposition the exclusive remedy provision does not bar suit for emotional distress

7    damages from sexual harassment, unlawful discrimination or other misconduct that

8    exceeds the "normal risks of the employment relationship." (Opp'n at 24 (citing

9    *Livitsanos*, 2 Cal. 4th at 756)). The *Livitsanos* Court reviewed prior precedent and

10   stated that:

11       So long as the basic conditions of compensation are otherwise satisfied
         (Lab. Code, § 3600), and the employer's conduct neither contravenes
12       fundamental public policy (*Tameny v. Atlantic Richfield Co.*, . . . 27
         Cal.3d 167 (1980)) nor exceeds the risks inherent in the employment
13       relationship (*Cole*, . . . 43 Cal.3d 148), an employee's emotional distress
         injuries are subsumed under the exclusive remedy provisions of workers'
14       compensation.

15   2 Cal. 4th at 754.[2]

16       However, as pointed out by Defendant, the California Supreme Court has ruled

17   that the exception for conduct that "contravenes public policy" is aimed at permitting

18   a "*Tameny* action" for wrongful discharge to proceed. *Miklosy v. Regents of the Univ.

19   of Cal.*, 44 Cal. 4th 876, 902-03 (2008). An IIED claim based upon the same

20   allegations may nonetheless be barred. *See id.*

21       Upon analysis of relevant California law, Plaintiff's IIED claim is barred by the

22   exclusivity provisions of worker's compensation. Plaintiff's claims involve his

23   termination, which is a normal and inherent part of employment. *See Shoemaker*, 52

24   Cal. 3d at 18. Plaintiff fails to demonstrate that his termination exceeded the risks

25

26       [2]The *Livitsanos* Court determined that it was unclear whether the intermediate
     appellate court was concerned with an issue involving the compensability of emotional
27   injuries or the nature of the defendant's alleged misconduct. 2 Cal. 4th at 756. As the
     Court of Appeal had not rendered a decision on the merits, the matter was remanded
28   to the Court of Appeal. *Id.*

13cv291

1  inherent in the employment relationship. The termination does not appear to involve
2  the employer stepping out of the proper role, or conduct with a questionable
3  relationship to employment. Plaintiff simply asserts that his claim is not barred
4  because it "arises from Defendant's discriminatory practices." (Opp'n at 24-25). As
5  discussed above, Plaintiff cannot remove his claim from the exclusive remedy of
6  worker's compensation merely by alleging that the conduct was manifestly unfair,
7  outrageous, harassment, or intended to cause emotional disturbance. *Cole*, 43 Cal. 3d
8  at 160. The exception for "contraven[ing] public policy" does not apply to preserve
9  his IIED claims, even though Plaintiff has alleged unlawful discrimination and other
10 misconduct. *See Miklosy*, 44 Cal. 4th. at 902-03. Accordingly, Defendant has met its
11 burden to demonstrate that, as a matter of law, Plaintiff cannot pursue his IIED claim.
12 The motion for summary judgment is therefore **GRANTED** as to claim five.

### CONCLUSION

14 Based on the foregoing, Defendant's Motion for Summary Judgment is
15 **GRANTED IN PART**. Per this Court's August 28 Order, summary judgment as to
16 causes of action one through four was denied. The Court **GRANTS** summary
17 judgment with respect to the remaining cause of action five.

18 **IT IS SO ORDERED**.

20 Date: November 24, 2014

HON. ROGER T. BENITEZ
United States District Judge

13cv291